IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-CR-102-FL
No. 7:19-CR-176-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID CRAIG MILAM, | ) | |
| | ) | |
| Defendant. | ) | |

These related cases come before the court on defendant's motions to withdraw his guilty pleas. (No. 7:19-CR-102-FL DE 55; No. 7:19-CR-176-FL DE 40). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motions be denied. (No. 7:19-CR-102-FL DE 69; No. 7:19-CR-176-FL DE 55). Defendant timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and denies defendant's motions.

## STATEMENT OF THE CASE

In case No. 7:19-CR-102-FL, defendant pleaded guilty August 13, 2019, without a plea agreement, to an indictment charging possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Thereafter, in case No. 7:19-CR-176-FL, defendant pleaded guilty, pursuant to a written plea agreement, to two counts of a criminal information charging conspiracy to manufacture, distribute and possess with intent to distribute 50 grams or more of methamphetamine and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841 and 846

(count one); and possession with intent to distribute a quantity of methamphetamine and heroin, in violation of 21 U.S.C. § 841 (count two).

The United States Probation Office prepared a final presentence investigation report March 18, 2020, applicable to both related cases, which calculates a total offense level 39, and criminal history category VI, producing an advisory guidelines range of 360 months to life imprisonment. The court continued sentencing four times related to COVID-19, to June 7, 2021. Then, the court continued sentencing five more times upon defendant's motions, followed by a final setting at the court's direction for the December 13, 2022, term of court.

In the meantime, the court allowed defendant's original counsel, Rosemary Godwin ("Godwin"), to withdraw in both related cases due to a conflict of interest, and defendant's current counsel Marshall Ellis ("Ellis") entered an appearance on September 12, 2021.[1] Defendant also was indicted in a third, unrelated, case on April 26, 2022, No. 4:22-CR-25-FL, for assault upon a federal officer at the Pamlico County jail, in violation of 18 U.S.C. § 111(b).[2]

Defendant filed the instant motions, which are identical in both related cases, on October 20, 2022, relying upon correspondence between counsel, a search warrant originally disclosed by the government, and a corrected copy of the search warrant. The court then continued the December 13, 2022, sentencing to be reset upon disposition of the instant motion, if warranted. The government responded in opposition, also relying upon the corrected search warrant, and defendant replied.

---

[1] Prior to entry of appearance by Ellis, another attorney, Raymond Tarlton, briefly appeared for defendant but then was allowed to withdraw due to a conflict of interest.

[2] Arraignment is set for the June 13, 2023 term of court.

The magistrate judge held an evidentiary hearing on February 8, 2023, at which the government presented testimony of Godwin, and the court heard argument of the parties, after which the magistrate judge entered the instant M&R. Defendant filed objections March 30, 2023.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Defendant argues that he should be allowed to withdraw his guilty pleas because they were not knowing and voluntary, due to 1) the government's failure to disclose a complete and accurate copy of the search warrant and accompanying affidavit that led to his arrest and seizure of the evidence against him, and 2) prior counsel's failure to identify and correct the government's insufficient disclosure and failure to adequately discuss and consider filing a motion to suppress. The magistrate judge cogently addressed defendant's arguments and correctly determined that withdrawal of his guilty pleas is not warranted under the applicable factors. See United States v.

Moore, 931 F.2d 245, 248 (4th Cir. 1991). Upon de novo review of the instant motions and the record in this case, the court adopts the analysis in the M&R as its own. The court writes separately below to address issues raised in defendant's objections and to augment the analysis of the M&R.

Defendant contends the undisclosed pages of the search warrant need not be "material" for purposes of Brady v. Maryland, 373 U.S. 83 (1963), for this court to conclude that his pleas were not entered "knowingly." (Def's Obj. (DE 70) at 3). He cites, for example, United States v. Fisher, 711 F.3d 460 (4th Cir. 2013), where the court determined government misconduct rendered a plea involuntary, without addressing whether the government violated its Brady v. Maryland disclosure obligations. Fisher, however, is unhelpful to defendant for two reasons. First, materiality is, in fact, a requirement for setting aside a plea under Fisher: The defendant must show "the misconduct influenced his decision to plead guilty or, put another way, that it was material to that choice." 711 F.3d at 465 (emphasis added).³ Here, for the reasons set forth in the M&R, the undisclosed pages of the search warrant were not material to defendant's choice to plead guilty; instead, they only further bolstered the basis for the warrant.

Second, Fisher sets a high bar for setting aside a guilty plea based upon government misconduct, under which a defendant must show "some egregiously impermissible conduct (say threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea." Id. (emphasis in original). In Fisher, the court vacated a guilty plea in the "highly uncommon circumstances in which gross police misconduct goes to the heart of the prosecution's case," and the case agent "falsely testified in his sworn search affidavit," and himself pled guilty to fraud and theft offenses based thereon. Id. at 466. Defendant does not meet this standard here, where he "recognize[s] that the government's discovery violation may have been

---

³ In case citations in this order, internal quotations and citations are omitted unless otherwise specified.

the result of negligence, as opposed to bad faith," (Def's Mot., (Case No. 7:19-CR-102 DE 55 at 11 n. 5), and nothing in the record supports a finding of bad faith, much less "egregiously impermissible conduct" as required under Fisher. 711 F.3d at 465. Accordingly, defendant has failed to demonstrate that his guilty plea was not knowing or voluntary due to the government's failure to disclose missing pages of the search warrant application.

Defendant also suggests that defendant could not "have pled guilty with the 'close assistance of competent counsel' when his attorney never read the search warrant." (Obj. at 5). This argument, however, does not take into account the prejudice prong of the assistance of counsel factor. A "defendant seeking to establish that he is entitled to withdraw his plea because he did not receive close assistance of counsel must demonstrate that counsel performed deficiently and that, but for counsel's errors, the defendant would not have pled guilty and would instead have insisted on proceeding to trial." United States v. Faris, 388 F.3d 452, 459 (4th Cir. 2004). Defendant has not established a "reasonable probability" of such a different outcome if his counsel had read the search warrant. United States v. Runyon, 994 F.3d 192, 210 (4th Cir. 2021).

Defendant's arguments challenging the validity of the search warrant do not compel a contrary conclusion. For example, defendant urges comparison to United States v. Brown, 828 F.3d 375 (6th Cir. 2016), in arguing that there was insufficient nexus between the information in the search warrant and defendant's residence. Brown, however, is instructively distinguishable. In Brown the court determined that a warrant did not supply enough evidence to link drug trafficking to the defendant's residence. For instance, while evidence supported search of a vehicle, there was no evidence the defendant had "used the car to transport heroin from his home . . . on the day in question." Id. at 383. In the instant case, by contrast, officers observed two vehicles leave defendant's residence on the day in question, and officers located drugs in both,

5

along with defendant in one of them. (DE 55-4 at 10-11). This was combined with law enforcement surveillance of the Arian Kings, of which defendant was "the leader," "known for their involvement in the distribution of illegal narcotics and the use of violence," as well as complaints about them "brought to the attention of the Drug Enforcement Unit" in Sneads Ferry, the town where defendant's residence was located. (Id.). Finally, the search warrant application noted common patterns of drug and currency storage in residences based upon the officer's training and experience. (Id. at 9-11). These facts amply tie drug trafficking activities to defendant's residence.

Defendant also points to discrepancies between the search warrant and other information provided in discovery. He notes, for example, that discovery provided by the government showed that packaging material was found in the center console of the vehicle, rather than the black bag claimed by defendant, and that the amount of marijuana in the black bag was equivalent to only two Splenda packets. These facts, however, are beside the point that the totality of the circumstances support a determination of probable cause based upon the information in the affidavit. "[P]robable cause can be inferred from the circumstances, and a warrant is not invalid for failure to produce direct evidence that the items to be seized will be found at a particular location." United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993). The affidavit in this instance provides sufficient evidence from which probable cause can be inferred from the circumstances, regardless of the small amount of drugs found with defendant and the location of the drug packaging materials in the console of the vehicle defendant was driving.

Defendant argues that he has "a viable Fourth Amendment claim that was <u>at least worth discussing</u> with his prior attorney." (Obj. at 10) (emphasis in original). But, this is not the standard for determining prejudice from the alleged deficiencies of his prior attorney. Defendant has not

6

Case 7:19-cr-00102-FL    Document 71    Filed 05/16/23    Page 6 of 8

established that in light of all the circumstances, "but for counsel's errors, [he] would not have pled guilty and would instead have insisted on proceeding to trial." Faris, 388 F.3d at 459. Defendant's Fourth Amendment arguments do not warrant suppression of evidence seized from his residence. Moreover, the plea agreement in this instance significantly reduced defendant's advisory guidelines sentence from life imprisonment to a range of 360 months to life. (See Presentence Report (No. 7:19-CR-176-FL DE 16 at 19). Likewise, the plea agreement provided other benefits to defendant and opportunities for further reduction in sentence. (See Plea Agreement (No. 7:19-CR176-FL DE 9 at 7).

Finally, the weight of the evidence against defendant was substantial, and the government had charged multiple co-conspirators. (See, e.g., United States v. Brian Pearce, 7:19-CR-139-5-FL DE 414 ¶16 (presentence report of one of nine defendants in a drug conspiracy case, noting that Brian Pearce was defendant Milam's "right hand man" in "their gang," who "pick[ed] up drugs for Milam" and who "cooked meth . . . for Milam"; sentenced to a term of imprisonment of 176 months on April 23, 2021); cf. Search Warrant Affidavit (No. 7:19-CR-102-FL DE 55-4 at (stating that Brian Pearce went into Milam's residence, left, and was stopped by officers who located a "bag of suspected Crystal Methamphetamine" in a cigarette pack on the ground in front of Brian Pearce)).

In sum, defendant has not established that but for either complete government disclosures by the government or sufficient counsel performance, he would not have pleaded guilty and insisted on proceeding to trial. Therefore, the first and fourth Moore factors do not favor withdrawal of guilty plea. Combined with the remaining factors as determined by the magistrate judge, in light of the totality of the circumstances, withdrawal of defendant's guilty plea is not warranted.

## CONCLUSION

Based on the foregoing, the court overrules defendant's objections, adopts the M&R and DENIES defendant's motions to withdraw his guilty pleas. (No. 7:19-CR-102-FL DE 55; No. 7:19-CR-176-FL DE 40). The clerk is DIRECTED to schedule these cases for sentencing during the court's July 2023 term of court. The United States Probation Office is DIRECTED to prepare and file a modification to the presentence report (No. 7:19-CR-176 DE 16), in both of the instant cases, within 21 days of the date of this order, which provides updates to the information contained therein, including but not limited to changes to pending charges and offender characteristics during over three years since the original report was filed.

SO ORDERED, this the 16th day of May, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge